## * * § 362 INFORMATION SHEET * *

DENISE H. FULEIHAN

DEBTOR

Case No: 14-12371-abl      MOTION #:

U.S. BANK AS TRUSTEE FOR SOCIETE GENERALE MORTGAGE SECURITIES TRUST

MOVANT

CHAPTER: 13

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 4/25/14    Signature: *Blakeley Griffith*
Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: 209 Royal Aberdeen Way, Las Vegas, Nevada 89144
NOTICE SERVED ON: Debtor(s) __X__; Debtor's counsel _____; Trustee _____;
DATE OF SERVICE: 4/25/14

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  No less than $1,028,123.41 | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: No less than $1,028,123.41 | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
| Amount of Note: $800,000 | • Monthly payments |
| Interest Rate: _____ | • |
| Duration: 30 years | • |
| Payment per Month: _____ | • |
| Date of Default: 2009 | • |
| Amount in Arrears: _____ | • |
| Date of Notice of Default: 2009 | • |
| SPECIAL CIRCUMSTANCES: This is Debtor's third Petition in the last three years. Movant has previously received Stay Relief. | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Blakeley E. Griffith | SUBMITTED BY: _____ |
| SIGNATURE: *Blakeley Griffith* | SIGNATURE: _____ |

19149027.1

E-filed: April 25, 2014

Robert R. Kinas (NV Bar No. 6019)
Amy F. Sorenson (NV Bar No. 12495)
Kelly H. Dove (NV Bar No. 10569)
Blakeley E. Griffith (NV Bar No. 12386)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
      asorenson@swlaw.com
      kdove@swlaw.com
      bgriffith@swlaw.com
*Attorneys for U.S. Bank as Trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DENISE H. FULEIHAN,<br><br>Debtor. | Case No. 14-12371-abl<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| U.S. BANK AS TRUSTEE FOR SOCIETE GENERALE MORTGAGE SECURITIES TRUST SERIES 2006-FRE2,<br><br>Movant,<br><br>v.<br><br>DENISE H. FULEIHAN,<br><br>Respondents. | Hearing Date: June 4, 2014<br><br>Hearing Time: 10:30 a.m.<br><br>Hearing Location:<br>United States Bankruptcy Court<br>Foley Federal Building, Courtroom No. 1<br>300 Las Vegas Blvd South, Third Floor<br>Las Vegas, Nevada 89101 |

U.S. BANK AS TRUSTEE FOR SOCIETE GENERALE MORTGAGE SECURITIES TRUST SERIES 2006-FRE2 (the "Lender") by and through its counsel, Snell & Wilmer L.L.P., hereby brings this *Motion for Relief from the Automatic Stay* (the "Motion") to exercise any and all of its available rights and remedies in and to its collateral, which consists of certain real property

19118048

located in Clark County, Nevada and owned by Denise H. Fuleihan (the "Debtor" or "Ms. Fuleihan").

This Motion is supported by the accompanying Memorandum of Points and Authorities, the § 362 Information Sheet required by LR 4001(a)(2), all pleadings and papers of record, and any oral argument the Court may entertain.

DATED this 25th day of April 2014.

SNELL & WILMER L.L.P.

By: *Blakeley E. Griffith*
Robert R. Kinas (NV Bar No. 6019)
Amy F. Sorenson (NV Bar No. 12495)
Kelly H. Dove (NV Bar No. 10569)
Blakeley E. Griffith (NV Bar No. 12386)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for U.S. Bank as Trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Debtor's filing of this bankruptcy constitutes a serial filing meant only to delay Lender's exercise of its rights in and to the Property. This is Debtor's third bankruptcy petition in the last five years and her fourth bankruptcy petition in the last eight years. Indeed, Debtor has spent nine out of the last eleven years in bankruptcy. Thanks to the legal maneuverings of Debtor she has remained in possession, and enjoyed the benefits, of the Property for over five years. For free. This cannot be allowed to continue.

Not only has Debtor repeatedly filed bankruptcy, but she has also brought frivolous lawsuits and claims against Lender where she has continued to assert the bad faith argument that she is entitled to "rescind" the Loan—without having to repay the principal—essentially granting

19118048

her ownership and possession of the Property for free. Although her claims have been repeatedly dismissed by this Court, the United States District Court for the District of Nevada and the Ninth Circuit Court of Appeals, Debtor continues to seek to delay the foreclosure sale and avoid making any payments to Lender. Incredibly, Debtor admits that she filed this bankruptcy for the sole reason of delaying the foreclosure sale. In her second Application[1] for an injunction to the Ninth Circuit, Debtor states that she *"does NOT need to stay in a Bankruptcy,"* and that she only filed *"out of necessity to stop the above mentioned foreclosure sale date."* See Application, Exhibit 14 at p. 2 (emphasis added). She further asks the Ninth Circuit for an injunction so that she can *"voluntarily dismiss or withdraw the recent Bankruptcy filing."* Id. at p. 3 (emphasis added). Debtor admits that this bankruptcy will actually cause her "further damage to [her] credit." Id. This is not the type of Debtor that the Bankruptcy Code is meant to protect. The Court should immediately lift the stay and allow Lender to proceed with its foreclosure.

Further, in light of the foregoing history, Lender requests the Court enter an Order, pursuant to Section 362(d)(4), that the termination of the automatic stay as to the Property shall be binding in any case under the bankruptcy code, and by any person or entity, including but not limited to the Debtor, or any subsequent transferee, purporting to affect the Property and allowing the trustee to proceed with the sale notwithstanding another bankruptcy filing by the Debtor or subsequent transfer of the property, for a period of two (2) years after the date of this Court's entry of an Order granting this Motion. The relief requested herein is necessitated by the conduct of the Debtor, who has strategically utilized serial, frivolous bankruptcy filings, multiple non-bankruptcy lawsuits, and groundless appeals and motions for injunctive relief to prevent Lender from exercising its foreclosure rights, and to permit Debtor to retain ownership and possession of the Property for over five (5) years without making a single payment to Lender.

///

///

///

---

[1] As defined herein.

- 3 -

## II.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and is a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## III.

## RELEVANT FACTS AND BACKGROUND

**A.**     **The Loan, Property and Debtor's Default**

The subject property related to this action is located at 209 Royal Aberdeen Way, Las Vegas, Nevada 89144, APN 137-36-514-054 (the "Property"). *See* Clark County Recorder's Ownership History for the Property, a true and correct copy of which is attached as **Exhibit 1**. Debtor initially purchased the Property on or about March 7, 2001, as indicated by a Grant, Bargain, Sale Deed recorded on that date, a true and correct copy of which is attached as **Exhibit 2**. Then, in 2006, Debtor refinanced the Property through a loan from Fremont Investment and Loan in the amount of approximately $800,000.00, secured by a Deed of Trust recorded on May 2, 2006, a true and correct copy of which is attached as **Exhibit 3** (the "Deed of Trust"). The Deed of Trust specifically provides, in bold text, that upon default the lender possesses the right of acceleration and sale at a public trustee's sale in accordance with the terms of the deed of trust and applicable law. *See* Ex. 3 at 13.

Debtor stopped making mortgage payments in early 2009. Debtor's default under the Deed of Trust caused a Notice of Default to be recorded against the Property. *See* Notice of Default and Election to Sell Under Deed of Trust, recorded May 14, 2009, a true and correct copy of which is attached as **Exhibit 4**. Lender assumed all rights as the beneficiary under the Deed of Trust as indicated by the Corporation Assignment of Deed of Trust recorded on August 17, 2009, a true and correct copy of which is attached as **Exhibit 5**. Then, again as a direct result of Debtor's default on the Deed of Trust, a Notice of Trustee's Sale was recorded against the Property on or about August 17, 2009, a true and correct copy of which is attached as **Exhibit 6**.

- 4 -

19118048

**B.   Debtor's Efforts to Hinder and Delay Foreclosure of the Property**

   **1.   Debtor's First Bankruptcy and First Lawsuit**

Debtor filed her first petition for Chapter 13 relief on August 26, 2009 (the "First Bankruptcy").[2] After two years in bankruptcy, the Debtor was unable to propose a confirmable plan and her case was dismissed on April 21, 2011. *See Order Denial of Confirmation and Dismissing Case* [Docket No. 149], attached hereto as **Exhibit 7**. As discussed below, Debtor re-filed less than a month later.

On the same date that she filed her First Bankruptcy petition, Debtor brought suit against Wells Fargo Bank, U.S. Bank, N.A. as Trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2, MERS, and others, (the "First Lawsuit") alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Truth in Lending Act ("TILA"), rescission and declaratory relief, unfair lending practices, quiet title, and violations of the Federal Debt Collections Practices Act ("FDCPA"). *Fuleihan v. Wells Fargo Bank, N.A.*, 2:09-cv-01877-RCJ-PAL. Although her allegations were at times unclear, the core allegation in her 2009 complaint was that none of the defendants had any interest in the Property because the note had been "split" from the deed of trust and it therefore became unsecured. On September 15, 2010, following the completion of briefing on Wells Fargo's motion to dismiss, Ms. Fuleihan's amendment of her complaint, and a further complete round of briefing on Wells Fargo's motion to dismiss Ms. Fuleihan's amended complaint, this Court dismissed Ms. Fuleihan's complaint in its entirety. *See* Order dated September 15, 2010, a true and correct copy is attached hereto as **Exhibit 8**. Additionally, during the First Lawsuit, the United States District Court, District of Nevada granted Debtor's motion for an injunction, but conditioned such injunction on monthly payments. *See id.* Debtor failed to make any monthly payments as required by the Court. *Id.* Ms. Fuleihan appealed the dismissal of her action to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the district court's dismissal of Ms. Fuleihan's action in its entirety. *See* 2:09-cv-01877-RCJ-PAL, [Docket No. 123].

---

[2] This is the First Bankruptcy that deals with U.S. Bank's loan. Only two years prior, Debtor was involved in another Chapter 13 bankruptcy. *See* Case No. 03-15451.

19118048

### 2. The Second Bankruptcy

After the dismissal of her First Bankruptcy, Debtor re-filed for Chapter 13 protection – less than a month later – on May 11, 2011 (the "Second Bankruptcy") as Case No. 11-17331. The Second Bankruptcy was converted to one under Chapter 7 on March 21, 2012. US Bank was granted relief from stay on February 14, 2012. *See Order Vacating Automatic Stay*, [Docket No. 73] a true and correct copy is attached hereto as **Exhibit 9**. However, Debtor filed objections to Lender's proof of claim, once again arguing that the Note and Deed of Trust had been "split," rendering the Deed of Trust "void" and arguing that, as a result, Lender had no right to foreclose. The Bankruptcy Court rejected these arguments and granted summary judgment on her objections, citing res judicata as the result of the first resolved federal action as one basis. *See Order Re: Motion for Summary Judgment* [Docket No. 266], attached hereto as **Exhibit 10**.

### 3. The Second Lawsuit

Debtor brought another lawsuit against Wells Fargo Bank, N.A., MERS, and U.S. Bank, N.A. on June 28, 2013 (the "Second Lawsuit"). The 2013 complaint covered the same ground as the 2009 complaint, and again raised claims for allegedly deceptive trade practices, negligence, fraud by concealment, quasi contract, and declaratory relief – and again, all in connection with the refinance of her loan in 2006 and the inevitable recording of the default and foreclosure documents in 2009, just as before. In fact, the 2013 complaint relies on precisely the same core allegations and theories as her previous litigation – that her note was "split," that assignment of the note is "void," and other widely-debunked arguments. The United States District Court for the District of Nevada dismissed the case in its entirety. *See* Order dated December 6, 2013 [Docket No. 52], attached hereto as **Exhibit 11.** Ms. Fuleihan appealed the dismissal to the Ninth Circuit Court of Appeals, where it is now pending.

### 4. The Instant Bankruptcy

Debtor filed this her third petition for Chapter 13 relief (the "Instant Bankruptcy") on April 7, 2014 (the "Petition Date"), two days before the scheduled foreclosure sale of the Property. On the same day, Debtor sent counsel for Lender an email stating that Debtor filed the

- 6 -

19118048

bankruptcy because she was waiting for an injunction from the Ninth Circuit and would be dismissing the case once she received an injunction. *See* Email from D. Fuleihan, dated April 7, 2014 (the "Fuleihan Email"), a true and correct copy is attached hereto as **Exhibit 12**. The Ninth Circuit denied her request for an injunction on April 8, 2014. A true and correct copy of the April 8, 2014 Order is attached hereto as **Exhibit 13**. On April 15, 2014, Debtor again requested that the Ninth Circuit grant her a preliminary injunction pending her appeal. *See Appellant's Request for TRO or Preliminary Injunction Second Application Pending Appeal* (the "Application") a true and correct copy is attached hereto as **Exhibit 14**. Debtor's Application further demonstrates her abuse of the bankruptcy system. Therein, Debtor states: "Appellant filed for an Emergency Chapter 13 Bankruptcy filing in the US Bankruptcy Court of Nevada on April 7th, [*sic*] 2014 for the automatic Stay protection to stop this foreclosure Sale date." *See* Application, at p. 2. Debtor goes on to say "**Appellant does NOT need to stay in a Bankruptcy**." *Id*. at p. 3. Debtor's lack of good faith in filing the Instant Bankruptcy is apparent from the bare bones nature of her petition. She has failed to file any of her statements and schedules. *See* Notice of Incomplete and/or Deficient Filing [Docket No. 5].

In the Second Bankruptcy, as of May 11, 2011, Lender was owed no less than $1,028,123.41.[3] *See* Proof of Claim 23-1 filed in Case No. 11-17331. This amount has only grown since that time – the Debtor has failed to make her mortgage payments for five years.

### IV.
### RELIEF REQUESTED

Lender respectfully requests the Court enter an Order terminating the automatic stay as to Lender's interest in the Property pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4) so that it may pursue its state law rights and remedies as to the Property. Lender also requests, pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, that the Court's order take effect immediately, and that the fourteen (14) day stay period set forth therein expressly not apply. Further, in light of Debtor's history, Lender requests the Court enter an Order, pursuant to

---

[3] Interests, costs and attorneys' fees continue to accrue.

Section 362(d)(4), that the termination of the automatic stay as to the Property shall be binding in any case under the bankruptcy code, and by any person or entity, including but not limited to the Debtor, or any subsequent transferee, purporting to affect the Property and allowing the trustee to proceed with the sale notwithstanding another bankruptcy filing by the Debtor or subsequent transfer of the property, for a period of two (2) years after the date of this Court's entry of an Order granting this Motion.

V.

**ARGUMENT**

A.  **Sufficient "Cause" Exists To Grant Relief From The Automatic Stay.**

Pursuant to 11 U.S.C. § 362(d)(1), a party-in-interest may be granted relief from the automatic stay for cause. The term "cause" is not defined in the Bankruptcy Code and must be determined on a case by case basis. *Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citations omitted); *see also In re Delaney-Morin*, 304 B.R. 365, 369 (9th Cir. B.A.P. 2003). The Bankruptcy Code specifically identifies lack of adequate protection as cause for relief from the automatic stay, and the debtor has the burden to prove that the movant's interest in the property at issue is adequately protected. *Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1375 (9th Cir. 1987) (citations omitted). In fact, regardless of the type of "cause" asserted by the moving party, the debtor has the burden of showing that there is no such "cause" to terminate the automatic stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. B.A.P. 1985).

1.  **The Petition Was Filed in Bad Faith**

"The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to § 362(d)." *In re Duvar*, 205 B.R. 196, 200 (9th Cir. B.A.P. 1996). Courts have found the following factors meaningful in evaluating an organizational debtor's bad faith: "1) the debtor has one asset; 2) the pre-petition conduct of the debtor has been improper; 3) there are only a few unsecured creditors; 4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the

- 8 -

19118048

foreclosure in state court; 5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford; 6) the filing of the petition effectively allows the debtor to evade court orders; 7) the debtor has no ongoing business or employees; and 8) the lack of possibility of reorganization." *Laguna Assoc. Ltd. Partnership v. Aetna Casualty & Surety Co. (In re Laguna Assoc. Ltd Partnership)*, 30 F.3d 734, 738 (6th Cir. 1994). Although "no list is exhaustive of all the conceivable factors which could be relevant when analyzing a particular debtor's good faith[,]" *id.* (citations omitted), the foregoing factors clearly point to a conclusion of bad faith in this case. The facts of this case clearly show that this petition was filed in bad faith.

First, Debtor admits that she has no intention to reorganize. Debtor has informed the Ninth Circuit that that her sole reason for filing the Instant Bankruptcy is to delay the foreclosure sale. In her second Application for an injunction to the Ninth Circuit, Debtor states that she *"does NOT need to stay in a Bankruptcy,"* and that she only filed *"out of necessity to stop the above mentioned foreclosure sale date."* See Application, at p. 2 (emphasis added). She further asks the Ninth Circuit for an injunction so that she can *"voluntarily dismiss or withdraw the recent Bankruptcy filing."* *Id.* at 3 (emphasis added). Debtor admits that this bankruptcy will actually cause her "further damage to [her] credit." *Id.* The sole reason for the current bankruptcy is to delay the foreclosure sale. Debtor's *modus operandi* is clear: she filed the petition merely to delay and hinder Lender's trustee's sale with no intent to accomplish reorganization or anything else under the Bankruptcy Code.

Second, Debtor has exhausted her non-bankruptcy court rights and remedies. Debtor has filed two failed lawsuits against Lender and unsuccessfully appealed the dismissal of each to the Ninth Circuit. Additionally, Debtor failed to make payments during her prior bankruptcies and lawsuits. Debtor has been given multiple opportunities to reorganize and has failed to do so. Nothing has changed since Debtor's First and Second Bankruptcies that would improve Debtor's prospects for reorganization this time around. Instead, Lender has been forced to defend against numerous lawsuits and participate in no less than three bankruptcies. Given all of the foregoing,

- 9 -

19118048

it is clear that the petition was filed in bad faith and the stay must be lifted for "cause."

### 2. Debtor Cannot Reorganize.

"Cause" under 11 U.S.C. § 362(d)(1) also exists where there is no reasonable prospect of a debtor's reorganization. *See In re Ocean Beach Properties*, 148 B.R. 494, 498 (Bankr. E.D. Mich. 1992) (concluding that where the debtor fails to establish any reasonable possibility that it can confirm a plan, stay relief is appropriate). Here, there is no prospect for reorganization. Indeed, as discussed above, Debtor has no intention of reorganizing as she stated that her only reason for bankruptcy is to delay the foreclosure sale and that she plans on dismissing the bankruptcy at the first opportunity.

### B. The Stay Must Be Lifted Because the Petition Is Part of a Scheme to Hinder and Delay Lender's Recovery of Its Collateral.

A creditor who has a secured claim against real property is entitled to stay relief where the petition was part of a "scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4). "The general purpose of this subsection, according to the legislative history, is to curb abusive bankruptcy filings." *In re Turnkey Dev. LLC.*, 2012 Bankr. LEXIS 1039 at 7 (Bankr. D. Ariz. 2012). The "scheme" to hinder, delay, or defraud may be inferred from circumstantial evidence. In the context of a secured creditor attempting to enforce its rights and remedies with respect to real property collateral, "[t]o delay and hinder a creditor is to forestall its efforts in collecting on its debt unlawfully." *In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 34 (Bankr. C.D. Cal. 2007).

For a Section 362(d)(4) order to issue, the proscribed scheme to hinder or delay creditors cannot manifest as the result of a single case, there must be "multiple bankruptcy filings affecting such real property," and those filings "must somehow be connected with or included in the scheme to delay, hinder or defraud creditors." *In re Muhaimin*, 343 B.R. 159, 166 (Bankr. D. Md. 2006) (quoting H.R. Rep. 109-31(I) at 69 (2005)). As used in the statute, "multiple" means exactly what it says: "Multiple may mean many, numerous and, also, just more than one." *Id.* Taken literally, as few as two bankruptcy filings could satisfy Section 362(d)(4)'s requirement of

19118048

"multiple" filings. However, the reported decisions in which Section 362(d)(4) orders have been entered typically involve three, four, or more bankruptcy filings. The Debtor's three bankruptcy filings here easily fall within the range of cases in which such relief has been granted. *See In re Lee*, 467 B.R. 906 (9th Cir. B.A.P. 2012) (three bankruptcy filings); *In re Montalvo*, 416 B.R. 381 (Bankr. E.D.N.Y. 2009) (six bankruptcy filings); *In re Blair*, 2009 Bankr. LEXIS 4195 (Bankr. E.D.N.Y. 2009) (ten bankruptcy filings).

As discussed above, the filing of this petition by Debtor is an abuse of the bankruptcy process. It was clearly carried out as part of a plan to delay Lender again, on the eve of the Trustee's sale, from exercising its rights and remedies in and to the Property. The history of Debtor's serial and abusive bankruptcy filings in this Court, the two unsuccessful lawsuits against Lender, the failure to comply with the terms of the injunction put in place by the Nevada District Court in the First Lawsuit, clearly demonstrates her willingness, ability and intention to do everything possible to hinder and delay Lender's efforts to foreclose upon the Property. Further, Debtor does not even dispute the foregoing. Instead, Debtor admits: (1) that she has no intention to remain in bankruptcy and reorganize; (2) that she only filed to delay the foreclosure sale; and (3) that she plans to dismiss this bankruptcy case as soon as possible. This is the type of abusive bankruptcy filing that Section 362)(d)(4) was enacted to protect against.

**C.  There Is No Equity in the Property and Debtor Cannot Demonstrate a Reasonable Likelihood of Reorganization.**

As alternative grounds for relief from the automatic stay, Lender alleges that there is no equity in the Property, and the Property is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2). Once the movant establishes that there is no equity in the collateral "it is the burden of the Debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" *United Savings Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 44 U.S. 365, 375-376, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (citation omitted). This requires the Debtor to establish that "the property is essential for an effective reorganization *that is in*

19118048

*prospect.*" *Id.* (emphasis added). Furthermore, there must be "a reasonable possibility of successful reorganization within a reasonable time." *Id.* (citations omitted).

The lack of equity for Lender's lien was established in the prior bankruptcy proceedings. *See* First Bankruptcy, *Motion for Relief from Stay*, Docket No. 54. Interest and attorneys' fees have only continued to accrue since that time. Accordingly, the burden falls to Debtor to prove that the Property is necessary for an effective reorganization that is in prospect. As has already been proven, Debtor's prospect for a successful reorganization does not exist. Therefore, the stay should be immediately lifted to allow Lender to finally liquidate its collateral.

## VI.

## CONCLUSION

For the reasons set forth above, Lender respectfully requests the Court immediately terminate the stay pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4). Lender also requests, pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, that the Court's order take effect immediately, and that the fourteen (14) day stay period set forth therein expressly not apply. Finally, Lender further respectfully requests the Court enter an Order, pursuant to Section 362(d)(4), that the termination of the automatic stay as to the Property shall be binding in any case under the bankruptcy code, and by any person or entity, including but not limited to the Debtor, or any subsequent transferee, purporting to affect the Property and allowing the trustee to

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 12 -

19118048

proceed with the sale notwithstanding another bankruptcy filing by the Debtor or subsequent transfer of the property, for a period of two years after the entry of an Order granting this Motion.

DATED this 25th day of April 2014.

SNELL & WILMER L.L.P.

By: /s/ Blakeley E. Griffith
Robert R. Kinas (NV Bar No. 6019)
Amy F. Sorenson (NV Bar No. 12495)
Kelly H. Dove (NV Bar No. 10569
Blakeley E. Griffith (NV Bar No. 12386)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
*Attorneys for U.S. Bank as Trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2*

- 13 -

19118048